UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO ATRISCO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 712 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner Francisco Atrisco's motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. In his motion Atrisco asserts that his Court appointed counsel was constitutionally ineffective for failing to file a motion to dismiss based on the statute of limitations and failing to move for a greater downward sentence variance based on the completion of his state court term of imprisonment. For the reasons below, I find that Atrisco's claims are without merit. As a result, his motion will be denied.

***Background***

On May 5, 2015, detectives of the St. Ann, Missouri Metropolitan Police Department were conducting surveillance of a suspected drug "stash" house. They observed a vehicle driven by Atrisco's co-conspirator, Steven Dilligham,

arrive at the house and stay for only two to three minutes. When Dillingham returned to his car the detectives conducted an investigative stop and arrested him on a probation violation warrant. Dillingham told the officers that Atrisco was waiting at Dillingham's residence to collect money derived from Dillingham's sale of heroin. Dillingham consented to a search of his residence. The detectives arrived at Dillingham's residence where Dillingham's wife, three children, and Atrisco were present. A search of the residence uncovered two large brick shaped bags that contained suspected heroin and several firearms.

In an interview with police Atrisco confirmed that he was at Dillingham's residence to receive approximately $35,000 which was owed to Atrisco for a pound of heroin delivered to Dillingham one week earlier. Atrisco stated that he was dropped off at Dillingham's house with the two pounds of heroin that were seized at the house.

On April 10, 2020, in my capacity as Chief District Judge, I issued an order suspending all sessions of the Grand Jury until May 8, 2020. That order was entered as an initial response to the Covid-19 pandemic. Because Grand Jury proceedings were suspended through May 8, 2020, the United States

Attorney's Office filed a sealed[1] criminal information on April 25, 2020, in Case No. 4:20 CR 225 RWS/NCC charging Atrisco and three co-conspirators with seven counts of felony narcotics and weapons crimes. The criminal information was filed, in response to the suspension of Grand Jury proceedings, to stop the clock on the statute of limitation which was due to expire on May 5, 2020. On May 8, 2020, the Grand Jury suspension was lifted. Four days later, on May 12, 2020, Atrisco was indicted by the Grand Jury with the same charges that were filed in the information: conspiracy to distribute 1 kilogram or more of heroin (Count I) and distribution of 1 kilogram or more of heroin (Count IV). A new criminal case number was assigned to the charges against the defendants with the filing of the indictment by the United States Attorney's Office (Case No. 4:20 CR 228 RWS). Because the indictment was filed under a new case number, the original information case was closed on May 14, 2020, at the request of the United States Attorney.

On March 18, 2023, Atrisco was arrested in Arizona for illegally entering the United States after having been previously denied admission, excluded, deported, and removed from the United States to Mexico. Atrisco was brought

[1] Under a court order the information was filed under seal until the defendants were in custody or were released on bail after their initial appearance in court.

before the United States District Court of Arizona, waived indictment, and entered a plea agreement to a felony information of illegally entering the country in Case No. 2:23 CR 723 SMB (D. AR. 2023) On August 4, 2023, the Arizona court sentenced Atrisco to a 10-month term of imprisonment. As of that date, Atrisco had already served nearly five months of his 10-month sentence. He received credit in his Arizona case for his incarceration since the time of his arrest on March 18, 2023.

Four days later, on August 8, 2023, the District Court of Arizona, in miscellaneous Case No. 2:23 MJ 5395 DMF, ordered Atrisco to be transferred to the Eastern District of Missouri to face the charges in Case No. 4:20 CR 228 RWS. On August 22, 2023, Atrisco made his initial appearance and was arraigned in this Court.

On November 29, 2023, Atrisco entered a guilty plea to Count I of the indictment (conspiracy to possess with intent to distribute heroin). The maximum term of imprisonment for this offense is 20 years. See 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. Under the 2023 Guideline Manual Atrisco's guideline imprisonment range was 87 to 108 months. The plea agreement recommended a 36-month term of imprisonment, to be served

concurrently with his 10-month term of imprisonment imposed by the Arizona district court.[2] As of the date of his plea, Atrisco had already served approximately 8½ months of his 10-month Arizona sentence.

Atrisco's plea agreement did not guarantee that he would receive a 36-month sentence. To the contrary, the plea agreement itself clearly stated that the Court was not bound to the terms of the agreement. In addition, at the change of plea hearing, I confirmed with Atrisco that his sentence may be greater than the 36-month recommendation of the plea agreement. As a result, Atrisco did not have any promise, guarantee or assurance that his sentence would be 36-months (or less).

On February 27, 2024, I sentenced Atrisco to 36-months of imprisonment as recommended by the parties in the plea agreement. This term was less than half of the minimum guideline imprisonment range. I also adopted the plea agreement's recommendation that the sentence run concurrent with Atrisco's 10-month Arizona sentence. However, by the time my judgment was entered, Atrisco had already completed his Arizona sentence.

[2] If Atrisco elected to go to trial he was facing a sentence of not less than 10 years if he was convicted of the charge of distribution of a kilogram or more of heroin (Count IV). 21 U.S.C. § 841(b)(1)(A).

***Legal Standard***

A motion pursuant to 28 U.S.C. § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Davis v. United States 417 U.S. 333, 343 (1974). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Watson v. United States, 493 F.3d 960, 963 (8th Cir 2007). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). One exception arises when there is a "miscarriage of justice," but the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, and the Supreme Court has not extended the exception to situations beyond involving a petitioner's actual innocence." Id. (citations omitted). "[T]he Court has emphasized the narrowness of the exception and has expressed its desire that it remain rare and available only in the extraordinary case." Id. (citations omitted). Section 2255 ordinarily "is not

available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S.614, 622 (1998) (citations omitted).

***Discussion***

*Ineffective assistance of counsel*

To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law

and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 690). And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, a defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). When evaluating counsel's performance, the court "must indulge in a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Considered objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

*Statute of Limitation Challenge*

Atrisco asserts that his trial counsel was ineffective because his counsel failed to challenge his indictment which was entered on May 12, 2020, four days after the statute of limitations expired on May 5, 2020. Atrisco asserts that his counsel should have moved to dismiss the indictment as untimely. Atrisco overlooks the fact that he was charged with the identical conduct through an information filed on April 25, 2020, in Case No. 4:20 CR 225 RWS. The filing of an information within the statute of limitations period initiates a valid prosecution of an alleged offender. See 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or ***the information*** is instituted within five years next after such offense shall have been

committed.") (emphasis added). A timely filed information also tolls the statute of limitations for the identical charges in a later filed indictment handed down after the expiration of the statute of limitations. Such an indictment relates back to a timely filed information. United States v. Briscoe, 101 F.4th 282 (4th Cir. 2024). See also United States v. Avery, 747 F. App'x 482, 484 (9th Cir. 2018) (An indictment was timely since it related back to the earlier filed information); United States v. Yielding, 657 F.3d 688, 703 (8th Cir. 2011) ("For limitations purposes, a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges.") (internal quotation omitted). As a result, Atrisco's counsel was not ineffective for failing to challenge his indictment on statute of limitations grounds.

*Failure to request a variance based on completion of Arizona sentence*

On November 29, 2023, Atrisco entered a guilty plea. As of the date of his plea, Atrisco had already served approximately 8½ months of his 10-month Arizona sentence. On February 27, 2024, I sentenced Atrisco to 36-months imprisonment. I also ordered his sentence to run concurrently with Atrisco's 10-month Arizona sentence. However, at the time my judgment was entered Atrisco

had already completed his Arizona sentence. As I stated in my order of December 5, 2024, in Atrisco's criminal case 4:20CR228 RWS,

> [U]nder 18 U.S.C. § 3585 a term of imprisonment does not commence until after the defendant is sentenced and he is received into custody to begin the term of his sentence. A concurrent sentence cannot begin until the defendant is sentenced and received into custody. Concurrent time is never credited to any imprisonment the defendant served in another case before he is sentenced in the case in which a concurrent sentence is imposed.

Atrisco could not get credit for any concurrent time in his Arizona case until after he was sentenced in the present case. Because his Arizona sentence was already completed there was not a concurrent term of imprisonment to run with his sentence in this case.

Atrisco asserts that his counsel advised him that if he accepted the plea agreement he would be credited the entire 10-month Arizona sentence against his sentence in this case. This position is undermined by the plea agreement and the fact that the plea agreement was not binding on the Court.

Atrisco's plea agreement did not guarantee that he would receive a 36-month sentence to run concurrently with the Arizona sentence. To the contrary, the plea agreement itself clearly stated that the Court was not bound to the terms of the agreement. In addition, at the change of plea hearing, I confirmed with Atrisco that his sentence may be greater than the 36-month recommendation of

the plea agreement. As a result, Atrisco did not receive any promise, guarantee or assurance that his operative sentence would be only 36 months much less only 24 months (36-months minus 10 months credit from Arizona case).

Moreover, the plea agreement provides that "no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case." [ECF # 377 at 13] The plea agreement does not provide that Atrisco would be given a 10-month credit toward his 36-month sentence in this case.

Atrisco asserts that his counsel was ineffective for not asking for downward variance at sentencing because his plea agreement contemplated a 10-month credit from his Arizona sentence against his 36-month sentence in this case. That position is without merit.

I imposed a 36-month sentence for Atrisco's criminal activity in this case. That meant he had to serve 36-months imprisonment in this case. To the extent Atrisco was still serving his Arizona sentence, I noted his sentence should run concurrently to his Arizona sentence so he would get credit for both sentences

going forward. Nothing in the record supports an intention or agreement for Atrisco to get 10 months credit toward his 36-month sentence.

Moreover, counsel cannot be ineffective for adhering to the terms of the plea agreement her client agreed to. If counsel asked for a downward variance at sentencing she would have violated the plea agreement and the case would have proceeded to a trial. United States v. Swisshelm, 848 F.3d 1157, 1159 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Francisco Atrisco's motion to vacate [1] is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Francisco Atrisco's motion for equitable tolling to file his motion to vacate [3] is **GRANTED**.

**IT IS FURTHER ORDERED that** Petitioner Francisco Atrisco's motions for an expedited ruling [20 and 21] are **DENIED** as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2026.